**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS – BOSTON DIVISION**

---

| | |
|---|---|
| **DR. J. DAVID GOLUB,** | : CASE/CIVIL ACTION NO. ____ |
| | : DOCKET NO. |
| **PLAINTIFF** | : |
| ---------- AGAINST -------------- | : |
| | : |
| | : FEDERAL CIVIL COMPLAINT |
| **NORTHEASTERN UNIVERSITY,** | JURY DEMAND |
| **DEFENDANT** | : |

*[Filed stamp: 2019 MAR 14 AM 11:31, U.S. DISTRICT COURT DISTRICT MASS., FILED IN CLERKS OFFICE]*

---

**FEDERAL CIVIL COMPLAINT FOR AGE DISCRIMINATION UNDER THE AGE DISCRIMINATION EMPLOYMENT ACT (ADEA) AND SUPPLEMENTAL CLAIMS FOR BREACH OF EMPLOYMENT CONTRACT UNDER MASSACHUSETTS (COMMONWEALTH) STATE LAW.**

Plaintiff, DR. J. David Golub (hereinafter DRJDG) files this civil action, Complaint and Jury Demand (hereinafter Complaint) against Defendant, Northeastern University, (hereinafter NEU). The following allegations are based on the personal knowledge of DRJDG, including statements, conduct and acts committed by employees of defendant NEU:

### INTRODUCTION

DRJDG was a professor of Law and Economics in the Doctoral Law and Policy Program at Northeastern University (NEU). He was appointed the faculty professor while he completed the NEU DLP. DRJDG, who is now 67 years old, possesses over 40 years of academic experience as a professor of accounting, taxation, finance, law and economics, and over 45 years of professional experience as a CPA practitioner, including positions of Tax Director and Quality Control Director. He has taught undergraduate and graduate courses in accounting, taxation, finance, economics and law at Rutgers University, Keller Graduate School of Management, Touro University, Wagner College, among others and was the subject matter expert in Management Accounting at Southern New Hampshire University.

In 2010, DRJDG who holds, in addition to his doctoral degree, a B.S. in accounting (Summa Cum Laude), multiple graduate degrees in finance and accounting, multiple Taxation and Law certificates including studies at two U.S. law schools and multiple state licenses as a certified public accountant, was offered the position of Master Teacher and Lead Instructor (hereinafter MTLI) for the Accounting and Tax program in the NEU College

1

of Professional Studies (CPS). DRJDG received annual contracts for all years, beginning September 1 of each fiscal period and ending on August 31 of each fiscal period, and held the position of MTLI for each fiscal period. On October 8, 2017, DRJDG received an e-mail from NEU CPS Assistant Dean Michael Jackson, informing DRJDG that his services were no longer needed as the MTLI. NEU CPS replaced DRJDG as the MTLI, with a considerably younger female professor, who holds a foreign doctoral degree, is not a CPA, has limited teaching experience, virtually no accounting practice experience and was originally hired by DRJDG to teach management accounting courses in the program, which was her concentrated experience. DRJDG also holds the AICPA designation of Chartered Global Management Accountant (CGMA).

As the MTLI, DRJDG supervised the accounting and tax faculty, handled a multitude of student matters, created and prepared the Capstone Course required of all graduates in the program, Financial Statement Analysis, and was responsible for textbook selections and overall content of the courses in the program. DRJDG was responsible for drafting the template for every course syllabus in the program, including the Business Law courses and he has delivered, facilitated and taught, multiple sections of every course in the NEU CPA Accounting and Tax Program. Accordingly, NEU, without cause, violated Federal Age Discrimination Laws by replacing DRJDG with a younger inexperienced female, who had and has no academic or professional experience, whatsoever, in taxation, auditing, nonprofit accounting, government accounting, and consolidated merger and acquisition accounting.

In addition, Under Massachusetts (Commonwealth) State Common Law, given the fundamental principles and theories of good faith fair dealing, prior performance, past dealings and conduct, and promissory estoppel NEU breached its employment contract with DRJDG, because DRJDG had a substantial, proper and reasonable expectation to continue his role as the MTLI in the NEU CPS accounting and tax program, given the eight previous successive annual contracts, and the annual contact that was signed by both DRJDG and NEU CPS Dean Mary Loeffelholz, covering the period from September 1, 2017 through August 31, 2018, in which he held that position. Moreover, during the period 2014 through the present, DRJDG applied internally for other NEU posted professorial positions in accounting, taxation and finance that he was and is well qualified to hold. Other than a computerized acknowledgment that his application was received, DRJDG received no interviews for any of the applied for positions. A subsequent Contract was signed by DRJDG and Dean Mary Loeffelholz, covering the period September 1, 2018 through August 31, 2019. However, no responsibilities or duties of the MTLI and/or no teaching contracts as a professor were assigned to DRJDG. Nor has he received any

compensation from 2017 through the present time of filing this federal civil complaint.

## PARTIES

Plaintiff, DRJDG, was and is a resident of New York, New Jersey and South Carolina, who was appointed the faculty Law and Economics Professor in the NEU DLP program while he was completing his Doctoral Law and Policy degree. He has over 45 years of professional practice experience and over 40 years of academic teaching experience and faculty appointments. DRJDG held the MTLI position, under successive annual contracts in the NEU CPS Accounting and Tax Program beginning in 2010, until NEU breached the signed contract covering the period September 1, 2017 through August 31, 2018. NEU also offered and signed a contract with DRJDG covering the period September 1, 2018 through August 31, 2019, but refused to reinstate DRJDG as the MTLI. DRJDG was replaced by a much younger, inexperienced foreign woman, not a Certified Public Accountant, not a Certified Management Accountant, holding a foreign degree, but also failing to possess any material, substantive or significant academic and professional experience in the accounting profession or the depth of academic training and knowledge to teach the upper level courses such as taxation, auditing, advanced accounting, and just as important, no leadership or supervisory experience.

Defendant, NEU (NORTHEASTERN UNIVERSITY), is a private University, offering undergraduate and graduate programs on its main campus in the Fenway-Kenmore, Roxbury, South End and Back Bay neighborhoods of Boston. NEU, with a total enrollment of approximately 26,000 students, of which 8,000 are graduates, also possesses satellite campuses in Charlotte, North Carolina; Seattle, Washington, and Toronto, Ontario. Northeastern features a <u>cooperative education</u> program, more commonly known as "co-op", that integrates classroom study with professional experience and contains over 3,100 partners across all seven continents. The program has been a key part of Northeastern's curriculum of "experiential learning" for more than a hundred years and is one of the largest co-op/internship programs in the world.

While it is not required for students to participate in the co-op program, generally the program is a vital experience for Northeastern students and has helped distinguish the university from other universities in the academic world. NEU CPS, the College of Professional Studies, targets adult learners, working students and working professionals seeking to enhance their professional skills. The primary theme of NEU is as follows: Experiential learning is a powerful way to learn. NEU graduates develop the real-world skills they need to take the next step in their career—while they learn—in a format, and on a schedule, that fits their lifestyle.

NEU was incorporated on March 30, 1916 and received its tax-exempt status on November 30, 1934, (ID. Number E-041679980) and signed its Age Discrimination Policy agreement in 1975 under its DHEW Civil Rights Compliance Number: 31-0570. Neu's cage number is 9A140. A Commercial and Government Entity, or CAGE, code is a federal identification number for businesses that contract with the government. All companies that want to do business with the federal government must obtain a CAGE code.

## JURISDICTION AND VENUE

This case is brought under the Age Discrimination in Employment Act of 1967, ADEA, 29 U.S.C. §621 et. seq. (The EEOC Right to Sue Letter is attached). Therefore, the Court has Federal Question, or Federal Subject Matter Jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343 (a)(4).

This case also includes supplemental state law claims for breach of contract violations and therefore the Federal Court also has valid diversity Jurisdiction under 28 U.S.C. § 1332(a)(1) because the plaintiff and defendant reside in different states and the amount in controversy exceeds seventy-five thousand dollars ($75,000).

## FACTS

DRJDG began working for defendant NEU in or about 2009-2010. For about 8 years, DRJDG held the position of Master Teacher and Lead Instructor (MTLI) for the NEU College of Professional Studies, supervising faculty and all course content in the Accounting and Tax Program. DRJDG drafted every course syllabus in the program when NEU CPS converted from quarter systems to semester systems. As part of the conversion process, DRJDG drafted the prototype course syllabus for the Business Law courses and DRJDG developed the required (new) Financial Statement Analysis Capstone course, required by all graduates of the NEU CPA undergraduate Accounting, Finance and Tax Program. For about 8 years, Respondent and DRJDG renewed annual contracts that specified the terms of employment for the academic year. Prior to holding the (MTLI), DRJDG was the Law and Economics Professor in the Doctoral Law and Policy Program.

In October of 2017, in breach of the signed written annual employment contract that was effective through August 31, 2018, DRJDG was removed from the position of MTLI, for no cause. On October 8, 2017, Michael Jackson, Assistant Dean, informed DRJDG via e-mail, that he was being removed from his position and that his replacement had been secured on October 1, 2017. He thanked DRJDG for all of his past services and

informed DRJDG that his services were no longer needed. Based upon the signed written employment contract and alternatively, under the Massachusetts (Commonwealth) state law of contracts incorporating the doctrines and principles of good faith fair dealing, prior performance, past dealings and conduct, and promissory estoppel, at a minimum, DRJDG should have remained in the position of MTLI through August of 2018.

DRJDG received compensation through approximately January 2, 2018, instead of receiving pay through August of 2018. Furthermore, DRJDG was replaced by a considerably younger female who is significantly less qualified. Based upon DRJDG's credentials, qualifications, professional teaching experience and professional practice experience, DRJDG is significantly more qualified than the replacement comparator. The younger foreign female replacement, possesses a foreign degree, has no significant professional practice experience, is not a licensed CPA, possesses no USA Auditing or Taxation experience and has limited experience teaching management accounting and basic financial accounting courses. She has no expertise to supervise the Financial Statement analysis Capstone course and she has no credentials or experience to draft the Business Law Courses. In fact, DRJDG initially hired the replacement and assigned her the Management Accounting course during the Fall 2017 semester because based on her resume, she was qualified to teach that course.

DRJDG possesses over 45 years of professional practice experience as an accountant and tax professional. In 1980 (at age 28) he was appointed a full-time faculty Assistant Professor of Accounting at CUNY Brooklyn College. He possesses over 40 years of high-level teaching experience including teaching graduate courses at Rutgers University, Keller School of Management, Centenary University and Wagner College. In April of 2018, DRJDG notified Respondent of his contact with the EEOC and intent to file an age discrimination complaint. DRJDG sought to remedy Respondent's continuous adverse action of failing to abide by the terms of the written employment contract through August of 2018. However, to date, Respondent has failed to provide DRJDG with the compensation owed, nor have they responded with any legitimate reason for removing DRJDG from the MTLI position for a much younger, immensely less qualified novice.

In May of 2018, defendant NEU CPS and plaintiff, DRJDG signed another annual contract and part-time faculty appointment for the 2018-2019 academic school year, September 1, 2018 through August 31, 2019. However, under this contract DRJDG1 does not hold the MTLI position, nor has he been assigned to any courses to teach as a professor. He has and continues to receive no compensation. To date, Respondent has failed to compensate DRJDG for his professional practice and teaching experience, his academic qualifications and academic and professional credentials according to market rates.

DRJDG has also submitted employment applications for teaching positions listed on the NEU HR website. DRJDG has filed applications for faculty positions with NEU beginning in 2014 and received no interviews or communications other than a computerized acknowledgment. In particular, DRJDG is a highly qualified candidate to hold various faculty positions in accounting listed on the HR website: For example: 1) Professor of Accounting Confirmation Number CN000569058 Requisition Number FTFR001033 2) Professor of Practice in Accounting Confirmation Number CN000618101 Requisition Number FTFR001096 3) Part-Time On-Line Lead Instructor Confirmation Number CN000681491 Requisition Number PTFR000443 and 4) Part-Time On-Line Lead Instructor Confirmation Number CN000641997 Requisition Number PTFR000441.

DRJDG declares that he has been discriminated against based upon his age (DOB: 1/31/1952), in violation of the Age Discrimination in Employment Act of 1967, as amended and under applicable state laws.

## DEFENDANT'S AGE DISCRIMINATION

In October 2017, Defendant NEU illegally violated Federal Civil Rights statutes and discriminated against DRJDG by prematurely removing him without cause, under a signed written employment contract, as the MTLI for a younger inexperienced foreign woman with substantially less credentials, virtually no professional practice experience, no academic qualifications to teach the higher level courses in the program and no academic and professional experience to supervise faculty and make administrative course content decisions covering the NEU CPS Accounting and Tax Program. Moreover, by refusing to interview or to consider or to hire DRJDG, for alternative published and announced faculty accounting positions, in which DRJDG was and is highly qualified to hold, defendant NEU CPS, violated the Federal Age Discrimination Act, retaliated against DRJDG for filing an EEOC age discrimination charge and refused to hire him on the basis of age.

## ADEA COVERAGE

In October 2017, Defendant NEU violated the ADEA, 29 U.S.C. § 621 *et seq.* by illegally removing DRJDG from the faculty accounting and MTLI position that he held for over seven consecutive and continuous years, during the period in which a signed written contract was in existence because it replaced DRJDG with a much younger inexperienced foreign born person holding a foreign degree without any substantial, material and significant academic or professional practice CPA experience to hold the MTLI position. Moreover, during the period 2014 through the present, NEU

refused to discuss, interview or offer alternative published faculty positions on its HR website, to DRJDG, in which DRJDG is highly qualified and experienced because of his age (DOB 1/31/1952).

## EEOC PROCEEDINGS

In February 2018, DRJDG filed EEOC Charge 523-2018-00644 using the EEOC website on the internet. On March 30, 2018, DRJDG received a letter stating that the EEOC Charge had been transferred from the New Jersey office to the Boston EEOC office. On April 22, 2019, DRJDG sent an e-mail to Jamie Weiler, Esq. Assistant General Counsel for North Eastern University informing her and officers of the University that an EEOC complaint was filed. On November 5, 2018, DRJDG wrote an e-mail to the EEOC stating that over the past six months he contacted the Boston office of the EEOC at least a dozen times by telephone and Facsimile. He had received no response. The latest attempts appear to indicate that the Fax machine at the Boston office is inoperable. On November 13, 2018, Senior Federal Investigator, Adrianna Gomez, J.D., contacted DRJDG and over the next several weeks, communications and documents were submitted by DRJDG to Ms. Gomez in support of his claim. On November 19, 2018, the signed charge was submitted and it is attached to this complaint. On December 17, 2018, the EEOC issued its dated stamped Right to Sue Letter. On December 20, 2017, DRJDG received the Notice of Right to Sue Letter. On December 26, 2019, DRJDG, sent an e-mail to Ms. Gomez requesting e-mail contact information for Enforcement Supervisor Anthony Pino. There was a delay in responding to DRJDG because of the Government shutdown. On February 7, 2019, Mr. Pino responded to DRJDG's request to add the claim for NEU's refusal to hire for an alternative faculty position because of age discrimination. On February 7, 2019, the request for reconsideration was submitted to the EEOC Boston Office Director, Mr. Kenneth An. On February 21, 2019, DRJDG received a letter denying reconsideration of the December 17, 2018 EEOC right to Sue Letter. The EEOC did not address the age discrimination claim on the basis of NEU's refusal to interview, discuss, consider or hire for an alternative faculty position. The February 21, 2019 EEOC letter is also attached.

## COUNT ONE

IN VIOLATION OF THE FEDERAL AGE DISCRIMINATION STATUTES ADEA, 29 U.S.C. § 621 ET SEQ., UNLAWFUL DISCHARGE AND REMOVAL WITHOUT CAUSE IN OCTOBER 2017, BY DEFENDANT NEU OF PLAINTIFF DRJDG, FOR A YOUNGER, INEXPERIENCED, UNQUALIFIED FOREIGN WOMAN CANDIDATE LACKING THE PROFESSIONAL ACADEMIC EXPERIENCE, KNOWLEDGE AND PROFESSIONAL CPA EXPERIENCE TO

HOLD THE POSITION OF MTLI, DURING THE EXISTENCE OF A SIGNED WRITTEN CONTRACT FOR THE PERIOD SEPTEMBER 1, 2017 THROUGH AUGUST 31, 2018, PURSUANT TO SEVEN PRECEDING CONSECUTIVE ANNUAL CONTRACTS IN WHICH DRJDG HELD THE MTLI POSITION.

### COUNT TWO

IN VIOLATION OF THE FEDERAL AGE DISCRIMINATION STATUTES ADEA, 29 U.S.C. § 621 ET SEQ., FOR DEFENDANT NEU'S REFUSAL TO CONSIDER, DISCUSS, INTERVIEW AND OFFER ALTERNATIVE ANNOUNCED FACULTY POSITIONS LISTED ON THE NEU WEBSITE AND APPLIED FOR BY DRJDG, ON THE BASIS OF HIS AGE, (DOB 1/31/2952) NOTHWITHSTANDING THE FACT THAT HE IS OVERWHELMINGLY QUALIFIED TO HOLD AND CARRYOUT THE DUTIES AND RESPONSIBILITIES, AS A FACULTY PROFESSOR, GIVEN HIS ACADEMIC TRAINING, HIS PROFESSIONAL AND ACADEMIC CREDENTIALS, ACADEMIC EXPERIENCE, PROFESSIONAL PRACTICE EXPERIENCE, PUBLISHING AND PROFESSIONAL ACCOMPLISHMENTS.

### COUNT THREE

SUPPLEMENTAL STATE LAW CLAIMS, UNDER MASSACHUSETTS (COMMONWEALTH) STATE LAW FOR ILLEGAL AND INTENTIONAL BREACH OF CONTRACT WITHOUT CAUSE OR JUSTIFICATION OF THE ANNUAL CONTRACTS COVERING THE PERIODS SEPTEMBER 1, 2017 THROUGH AUGUST 31, 2018 AND SEPTEMBER 1, 2018 THROUGH AUGUST 1, 2019, IN WHICH DEFENDANT NEU TERMINATED DRJDG's FACULTY POSITION AS MTLI IN VIOLATION OF COMMON LAW CLAIMS AND FUNDAMNETAL PRINCIPLES AND THEORIES OF GOOD FAITH FAIR DEALING, PRIOR PERFORMANCE, PAST DEALINGS AND CONDUCT, AND PROMISSORY ESTOPPEL.

### RELIEF REQUESTED AND DEMAND FOR JURY TRIAL

PLAINTIFF, DRJDG SEEKS A JURY TRIAL AND THE FOLLOWING DAMAGES:

1) LOST WAGES, EMPLOYMENT BENEFITS AND OTHER COMPENSATION LOST TO HIM ON THE BASIS OF AGE, AND PREJUDGMENT INTERESTAND ON THE BASIS OF BREACH OF CONTRACT;
2) LIQUIDATED DAMAGES DOUBLING THE AWARD OF INTEREST, WAGES, LOST EMPLOYMENT BENEFITS AND OTHER

   COMPENSATION LOST TO HIM AS A RESULT OF DEFENDANT'S DISCRIMINATION AGAINST HIM ON THE BASIS OIF AGE;
3) REINSTATEMENT OF HIS POSITION AS MTLI OR THE OFFER OF A SIMILAR EMPLOYMENT POSITION THAT INCORPORATES HIS PROFESSIONAL EXPERTISE, ACADEMIC AND PROFESSIONAL QUALIFICATIONS, EXPERIENCE AND PRACTICE.
4) SUCH OTHER RELIEF THAT THIS COURT DEEMS JUST AND APPROPRIATE.

### AFFIDAVIT IN SUPPORT OF CIVIL COMPLAINT

Please Take Notice, UNDER Federal Rules of Civil Procedure 11, and under penalties of perjury, I, DR. J. DAVID GOLUB, declare that all facts and representations averred in the civil complaint and all facts, statements and representations described, reported and listed in the above civil complaint are true and correct to the best of my knowledge and belief.

SWORN BEFORE THE USDC- FEDERAL COURT BOSTON, MA.

SIGNED,

DR. J. DAVID GOLUB
ATTORNEY PRO SE
P.O. BOX 537
LAKE HOPATCONG, NEW JERSEY 07849
(973) 454-0677 CELL PHONE