UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | * | |
| | * | |
| DR. J. DAVID GOLUB, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. 19-cv-10478-ADB |
| v. | * | |
| | * | |
| NORTHEASTERN UNIVERSITY, | * | |
| | * | |
| Defendant. | * | |
| | * | |

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S CROSS-MOTION TO AMEND THE COMPLAINT

BURROUGHS, D.J.

Dr. J. David Golub ("Golub") previously worked part-time at Northeastern University's ("Northeastern") College of Professional Studies as a Master Teacher and Lead Instructor for the Accounting and Tax Program. In October 2017, Golub was informed that Northeastern would no longer be needing his part-time services as the Master Teacher, because it had hired a new full-time faculty member. Golub filed the instant complaint in which he alleges that Northeastern's decision to terminate his part-time employment as Master Teacher was age discrimination, in violation of the Age Discrimination in Employment Act ("ADEA"), and constituted a breach of contract, breach of the implied covenant of good faith and fair dealing, and promissory estoppel. [ECF No. 1]. Northeastern has moved to dismiss the complaint, [ECF No. 10], and Golub has cross-moved to amend, [ECF No. 20].

For the reasons that follow, Northeastern's motion to dismiss [ECF No. 10] is GRANTED, and Golub's cross-motion to amend [ECF No. 20] is DENIED. Counts 1 and 2, which allege

violations of the ADEA, are dismissed with prejudice.   Golub is given leave to amend his complaint regarding his state law claims, listed in Count 3.  Although there appears to be complete diversity, as Golub is domiciled in New Jersey, the complaint fails to establish that there was a contract and that the amount in controversy exceeds $75,000.  See [ECF No. 1].

## I.      BACKGROUND

For purposes of this motion, the facts are viewed in the light most favorable to Golub and are drawn from the complaint [ECF No. 1], the proposed amended complaint [ECF No. 21-1], and relevant referenced documents.[1]

Golub alleges that he started working part-time for Northeastern's College of Professional Studies ("College") in 2010, where he was a Master Teacher and Lead Instructor for the Accounting and Tax Program, which included a non-benefits eligible stipend of $5,000 per year.  [ECF No. 1 at 1–2; ECF No. 11-5 at 2].  His work included appointment as a part-time lecturer in the College.  [ECF No. 21-1 at 37].  The lecturer position was not paid, but rather signified eligibility to receive assignments to teach courses for which Golub would have been compensated.  [Id.].  Since 2014, he has applied for a number of academic positions at Northeastern that he believes he is highly qualified for, but has not received any interviews or offers.  [Id. at 6].

On October 8, 2017, Golub received an email from the College informing him that it had concluded a search for a new full-time faculty member and that it would no longer require his part-time services.  [Id. at 3; ECF No. 11-1].  Golub alleges that he stopped being compensated

---

[1] "A district court may . . . consider 'documents incorporated by reference in [the complaint], matters of public record, and other matters susceptible to judicial notice."  Giragosian v. Ryan, 547 F.3d 69, 65 (1st Cir. 2008) (quoting In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 20 (1st Cir. 2003)).

in January 2018, instead of receiving payment through August 2018, as he would have under the original Master Teacher offer.  [ECF No. 1 at 5].

Golub completed an Equal Employment Opportunity Commission ("EEOC") online questionnaire ("Intake Questionnaire") in February 2018 to inquire about the necessary steps for filing a charge of discrimination.  [ECF No. 1 at 7; ECF No. 1-1 at 17].  On February 16, 2018, the EEOC emailed Golub a notice of a scheduled interview.  [ECF No. 1-1 at 16].  That notice also included the following relevant language:

> **ANSWERING THESE QUESTIONS IS NOT THE SAME AS FILING A CHARGE OF DISCRIMINATION.**
>
> A charge of discrimination is a signed statement asserting that an organization engaged in employment discrimination.  It requests EEOC to take remedial action. The laws enforced by EEOC . . . require you to <u>file a charge</u> before you can file a lawsuit for unlawful discrimination.  There are strict <u>time limits</u> for filing a charge.

[<u>Id.</u> (emphasis in original)].  In March 2018, Golub's claim was transferred from the EEOC office in Newark to its office in Boston, because Northeastern was not under the Newark office's jurisdictional authority.  [<u>Id.</u> at 15].

In May 2018, Golub again received an offer for another appointment as a part-time lecturer in the College, [ECF No. 1 at 5; ECF No. 21-1 at 40], but was not offered the Master Teacher position, [ECF No. 1 at 5].  Since May 2018, he has not been assigned any courses to teach and therefore has not received any compensation.  [<u>Id.</u>].

On November 14, 2018, the EEOC informed Golub that he had failed to sign his correspondence and, as a result, no formal charge had been filed.  [ECF No. 1-1 at 11].  The EEOC told him that "[t]<u>hese steps are necessary if you wish to file a charge</u>," [<u>id.</u> (emphasis in original)], and that he should review and sign the correspondence quickly because of the strict timelines regarding filing a charge, [<u>id.</u>].

On November 19, 2018, Golub filed his charge with the EEOC, alleging that Northeastern's termination of his part-time employment as a Master Teacher was based on age discrimination in violation of the ADEA.  [Id.].

On December 17, 2018, the EEOC issued a Dismissal and Notice of Rights.  [Id. at 1, 3]. The notice informed Golub that the EEOC was unable to conclude that his employment was terminated in violation of federal law.  [Id. at 1].  It noted that "it [wa]s unlikely that the EEOC would find a violation of federal law on the part of [Northeastern] if it invested additional resources."  [Id.].  Golub asked that the EEOC reconsider its final determination, but the EEOC declined.  [ECF No. 1-1 at 7].  Because Golub never filed a charge concerning Northeastern's alleged failure to hire, the "EEOC did not address the age discrimination claim on the basis of [Northeastern's] refusal to interview, discuss, consider or hire for an alternative faculty position."  [ECF No. 1 at 7].

## II.    PROCEDURAL HISTORY

Golub filed this complaint on March 14, 2019, [ECF No. 1], alleging (1) a violation of the ADEA by Northeastern when it terminated his employment (Count 1); (2) a violation of the ADEA by Northeastern when it refused to hire him for other positions (Count 2); and (3) state law claims including breach of contract, breach of the duty of good faith and fair dealing, and promissory estoppel (Count 3).  [ECF No. 1 at 7–8].[2]

---

[2] The parties also debate whether Golub is a "vexatious litigator."  [ECF Nos. 11 at 7 n.2; 20 at 3–4].  "Golub has been found to be a vexatious litigator by the United States District Courts for the Eastern and Southern Districts of New York and the Court of Appeals for the Second Circuit.  Golub v. Swaaley, No. 16-cv-5386, 2017 WL 3917016, at *1 n.1 (E.D.N.Y. Sept. 6, 2017) (first citing Golub v. Tierney, No. 11-cv-286 (2d Cir. Mandate dated July 11, 2011) (noting a pattern of vexatious litigation and failure to comply with court's sanction order); then citing Golub v. Kidder Peabody & Co., No. 89-cv-5903, 2010 WL 5422503, at *1, 3 (S.D.N.Y. Dec. 16, 2010); and then citing Golub v. U. of Chicago, No. 87-cv-2891, 1992 WL 333641, at *1–3 (E.D.N.Y. Oct. 26, 1992)).  The Court gives this issue no consideration.

Northeastern filed its motion to dismiss on May 20, 2019, [ECF No. 10], arguing that the Court lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and that Golub's complaint fails to state a claim under Rule 12(b)(6).  [ECF No. 11 at 8–9].  Golub opposed the motion to dismiss and filed a cross-motion to amend his complaint.  [ECF No. 20].

## III.   STANDARD OF REVIEW

In evaluating a motion to dismiss under Rule 12(b)(1), the Court must determine whether the facts alleged in the complaint, "taken at face value," support subject-matter jurisdiction. Gordo-González v. United States, 873 F.3d 32, 35 (1st Cir. 2017).  Because Golub is invoking federal jurisdiction, he has the burden of establishing that the Court has subject-matter jurisdiction.  Amoche v. Guarantee Tr. Life Ins. Co., 556 F.3d 41, 48 (1st Cir. 2008).  "When considering a motion to dismiss under 12(b)(1) . . . , the Court should apply a standard of review 'similar to that accorded a dismissal for failure to state a claim' under subsection 12(b)(6)." Rodriguez v. Mass. Parole Bd., No. 16-cv-11113, 2017 WL 706597, at *2 (D. Mass. Feb. 22, 2017) (quoting Menge v. N. Am. Specialty Ins. Co., 905 F. Supp. 2d 414, 416 (D.R.I. 2012)).

To evaluate a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must "accept as true all well-pleaded facts alleged in the complaint and draw all reasonable inferences therefrom in the pleader's favor."  A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013) (quoting Santiago v. Puerto Rico, 655 F.3d 61, 72 (1st Cir. 2011)).  The complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," id. (quoting Fed. R. Civ. P. 8(a)(2)), and should "contain 'enough facts to state a claim to relief that is plausible on its face,'" id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "To cross the plausibility threshold a claim does not need to be probable, but it must give rise to more than a mere possibility of liability."  Grajales v. P.R. Ports Auth., 682

F.3d 40, 44–45 (1st Cir. 2012) (citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)). "A determination of plausibility is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" <u>Id.</u> at 44 (quoting <u>Iqbal</u>, 556 U.S. at 679). "[T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." <u>Hernandez-Cuevas v. Taylor</u>, 723 F.3d 91, 103 (1st Cir. 2013) (quoting <u>Ocasio-Hernandez v. Fortuno-Burset</u>, 640 F.3d 1, 14 (1st Cir. 2011)). "The plausibility standard invites a two-step pavane." <u>Maddox</u>, 732 F.3d at 80. First, the Court "must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." <u>Id.</u> (quoting <u>Morales-Cruz v. Univ. of P.R.</u>, 676 F.3d 220, 224 (1st Cir. 2012)). Secondly, the Court "must determine whether the remaining factual content allows a 'reasonable inference that the defendant is liable for the misconduct alleged.'" <u>Id.</u> (quoting <u>Morales-Cruz</u>, 676 F.3d at 224).

"When a court is confronted with motions to dismiss under both Rules 12(b)(1) and 12(b)(6), it ordinarily ought to decide the former before broaching the latter." <u>Deniz v. Municipality of Guaynabo</u>, 285 F.3d 142, 149 (1st Cir. 2002).

## IV.     DISCUSSION

"The ADEA makes it unlawful for an employer 'to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.'" <u>Velez v. Thermo King de P. R., Inc.</u>, 585 F.3d 441, 447 (1st Cir. 2009) (quoting 29 U.S.C. § 623(a)(1)). The Supreme Court has explained that plaintiffs must "establish that age was the 'but-for' cause of the employer's adverse action." <u>Gross v. FBL Fin. Servs., Inc.</u>, 557 U.S. 167, 176 (2009). Although Golub does not need to provide evidence at the motion to dismiss stage, the facts as

alleged must plausibly claim that age was the but-for cause of Northeastern's decision to terminate his employment.[3]

## A.      Wrongful Termination

Golub claims that Northeastern's termination of his employment was based on impermissible age discrimination.  [ECF No. 1 at 7–8].  According to Golub, the "younger foreign female replacement[] possesses a foreign degree, has no significant professional practice experience, is not a licensed CPA, possesses no USA Auditing or Taxation experience and has limited experience teaching management accounting and basic financial accounting courses." [Id. at 5].

### 1.      Golub Failed to Exhaust Administrative Remedies

The ADEA has an exhaustion requirement whereby aggrieved employees must first submit their age discrimination claims to the EEOC within 180 days of the alleged discrimination before bringing a claim in court.  29 U.S.C. § 626(d)(1).  In a state that has its own discrimination laws, like Massachusetts, however, the EEOC charge must be filed within 300 days of the allegedly discriminatory act.  29 U.S.C. §§ 626(d)(1)(B) & 633(b); Connolly v. Shaw's Supermarkets, Inc., 355 F. Supp. 3d 9, 16 (D. Mass. 2018).  "No civil action may be commenced" until the complainant has filed a charge with the EEOC.  29 U.S.C. § 626(d)(1). The language of the EEOC charge and the civil complaint do not need to be identical, but must "bear some close relation" to each other, such that the charge puts the defendant on notice of

---

[3] The Court notes that Golub's complaint fails to comply with the Federal Rules of Civil Procedure, including Rule 10.  Because Golub is acting *pro se*, the Court will look past the complaint's procedural defects and liberally construe Golub's filings.  Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 75–76 (1st Cir. 2014) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

claims that could otherwise arise in a civil action.  Jorge v. Rumsfeld, 404 F.3d 556, 565 (1st Cir. 2005).

Golub completed an EEOC Intake Questionnaire in February 2018 to inquire about filing a charge of discrimination.  "[A]n Intake Questionnaire can stand in place of a formal EEOC charge form if it can 'be reasonably construed as a request for the agency to take remedial action to protect the employee's rights.'"  Maillet v. TD Bank U.S. Holding Co., 981 F. Supp. 2d 97, 100 (D. Mass. 2013) (quoting Federal Express Corp. v. Holowecki, 552 U.S. 389, 402 (2008)). The First Circuit has explained, however, that a questionnaire is "insufficient to constitute a charge where said complaint was not labeled a 'Charge of Discrimination' and its wording indicated that its purpose was to facilitate 'pre-charge counseling.'"  Aly v. Mohegan Council, Boy Scouts of America, 711 F.3d 34, 43 (1st Cir. 2013) (citing Holowecki, 552 U.S. at 405).

In determining whether the Intake Questionnaire submitted by Golub to the EEOC qualifies as a charge for purposes of the ADEA exhaustion requirement, the Court "measure[s] what the plaintiff did file against the federal EEOC regulation and Supreme Court requirements, not the warnings that the [EEOC] gave to the plaintiff."  Apire v. Whole Foods Market Group, No. 2:15-cv-00479, 2016 WL 2350108, at *3 (D. Me. May 4, 2016).  In Apire v. Whole Foods Market Group, No. 2:15-cv-00479, 2016 WL 2350108, at *3 (D. Me. May 4, 2016), for example, the court found an intake questionnaire sufficient when the plaintiff attached a detailed statement regarding the alleged discrimination and explicitly noted that he wished to file a complaint against the defendant.  Id.

The Court finds that the Intake Questionnaire here was insufficient under Supreme Court precedent.[4]  In this case, Golub was explicitly informed that answering the Intake Questionnaire was not the same as submitting a charge.  [ECF No. 1-1 at 16].  The Intake Questionnaire was labeled as an "Inquiry," not a "Charge of Discrimination," and made clear that it was submitted to be used in reference to an upcoming appointment.  [ECF No. 27-1 at 13–15].  It is therefore evident that "its purpose [was] to facilitate 'pre-charge filing counseling,'" rather than to initiate an EEOC action.  Aly, 711 F.3d at 43.  The Court also notes that the Intake Questionnaire explicitly stated, "**APPROXIMATE DEADLINE FOR FILING A CHARGE:** 08/04/2018," which should have made clear to Golub that it was not itself a charge.  [ECF No. 27-1 at 13].

Additionally, Golub's answers to the questions were insufficient to be construed as a charge.  For example, when describing the allegedly adverse action, Golub explained, "EMPLOYMENT POSITION AS MASTER TEACHER AND LEAD INSTRUCTOR AT NORTHEASTERN UNIVERSITY COLLEGE OF PROFESSIONAL STUDIES, WAS TERMINATED WITHOUT JUSTIFICATION OR CAUSE."  [Id. at 15].  This general and vague statement is not sufficiently detailed to make out a discrimination complaint and did not evidence an intent to file a discrimination claim.

Further, Golub's eventual filing of an EEOC claim was untimely.  Although Golub claims that his employment was terminated in violation of the ADEA on October 8, 2017, [ECF No. 21-2 at 3], he did not sign and file the EEOC charge until November 19, 2018, [ECF No. 1-1 at 8], well over the 300 days after the alleged discrimination within which he was required to

---

[4] Though Golub did not provide the Intake Questionnaire when he filed his original complaint, he has since provided a copy to the Court.  [ECF No. 27-1 at 12–15].

file.  Golub has therefore failed to exhaust administrative remedies as required to bring a claim in federal court under the ADEA.

2.      Golub Fails to Allege Age Discrimination

Even if the Court were to look past Golub's failure to exhaust administrative remedies, the complaint fails to allege sufficient facts to support a claim of wrongful termination.  In evaluating a complaint under the ADEA, the Court applies the familiar McDonnell Douglas test. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); see Soto-Feliciano v. Villa Confresi Hotels, Inc., 779 F.3d 19, 22–23 (1st Cir. 2015).  Golub must therefore effectively plead "that: 1) he was at least 40 years old at the time he was fired; 2) he was qualified for the position he had held; 3) he was fired, and 4) the employer subsequently filled the position, demonstrating a continuing need for [his] services."  Velez, 585 F.3d at 447.  Because Golub was over 40 and his employment as Master Teacher was terminated, the Court will assume that he has satisfied the first and third prongs of the prima facie case.

Golub, however, has failed to demonstrate that the employer subsequently filled his position, as required by the fourth prong.  See, e.g., Sullivan v. Liberty Mut. Ins. Co., 825 N.E.2d 522, 537 (Mass. 2005) (finding that plaintiff had pled a prima facie case of age discrimination when defendant terminated plaintiff's employment, but retained other, younger employees with same job classification).  Golub was employed as a part-time faculty lecturer in the College and as the Co-Part-time Faculty Affiliate overseeing the College's program in accounting and management.  [ECF Nos. 1 at 1–2; 11-3 at 2; 11-5 at 2].  Northeastern then hired a full-time finance and accounting faculty member, and, as a result, it no longer needed Golub's part-time work as the Co-Part-time Faculty Affiliate.  Golub has not alleged that he applied for or was qualified for the full-time position.  Northeastern nonetheless continued to offer him a part-time

position as a lecturer.  In informing Golub of the full-time position hiring, Northeastern explained that "[w]ith the addition of the full time position, [it would] no longer require [his] help with the Faculty Lead role."  [ECF No. 11-1 at 2].  Golub has failed to allege facts sufficient to establish that the part-time position he had was the same job as the full-time faculty position that Northeastern filled.  See Hoffman-Gacía v. Metrohealth, Inc., 918 F.3d 227, 230–31 (1st Cir. 2019) (holding that plaintiff failed to demonstrate age discrimination when his position was eliminated and he was offered a different position); see, e.g., Velazquez-Fernandez v. NCE Foods, Inc., 476 F.3d 6, 12–13 (1st Cir. 2007) (finding that plaintiff was not discharged because, though his position was eliminated, he was offered a new position which entailed the same job responsibilities); Sahadi v. Reynolds Chemical, 636 F.2d 1116, 1117 (6th Cir. 1980) (finding that plaintiff failed to demonstrate that his job was eliminated based on age discrimination when his former duties were assumed by a younger employee who performed them in addition to other duties); see also Hoffman-Garcia v. Metrohealth, Inc., No. 14-cv-1162, 2018 WL 671200, at *8 (D.P.R. Jan. 31, 2018) (citing Sahadi and finding that "[d]ifference in age is inconsequential where . . . the employees are not similarly situated").  The complaint therefore fails to plead facts that demonstrate that age was the but-for cause of his termination.

**B.    Failure to Hire**

Golub claims that Northeastern also discriminated against him based on his age when it failed to hire him for a number of positions for which he applied.  Like his wrongful termination claim, however, Golub failed to exhaust administrative remedies before filing his complaint. Further, the complaint fails to state a claim that Northeastern discriminated against him based on age in failing to hire him.

Golub's charge with the EEOC did not allege that Northeastern failed to hire him based on impermissible age discrimination. "[T]he scope of the civil complaint is . . . limited by the charge filed with the EEOC and the investigation which can reasonably be expected to grow out of that charge . . . ." Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996). Golub admits that "EEOC did not address the age discrimination claim on the basis of [Northeastern's] refusal to interview, discuss, consider or hire for an alternative faculty position." [ECF No. 1 at 7]. Unlike his wrongful termination claim, it is not simply that Golub's charge with the EEOC was untimely. Rather, because Golub did not allege in his charge that Northeastern failed to hire him based on age discrimination, the EEOC never had the opportunity to consider the claim. Therefore, Golub failed to exhaust his administrative remedies concerning his failure to hire claim.

Even if Golub had exhausted his administrative remedies and the claim were not time barred, he has failed to state a claim that Northeastern did not hire him based on impermissible age discrimination. In order to state a claim for failure to hire, Golub must demonstrate: 1) that he was at least 40 years of age at the time of the employment decision; 2) that he applied for and was qualified for a job opening; 3) that he was rejected, despite his qualifications; and 4) the position remained open after his rejection and Northeastern continued to seek applications. See Santiago-Hernandez v. P.R. Danka, Inc., 363 F. Supp. 2d 66, 72 (D.P.R. 2005) (citing Woods v. Friction Materials, Inc., 30 F.3d 255, 260 (1st Cir. 1994)); see also McDonnell Douglas Corp., 411 U.S. at 802.

Golub alleges that he has applied to four jobs with Northeastern since 2014, including Professor of Accounting, Professor of Practice in Accounting, and two positions as a part-time online lead instructor. [ECF No. 1 at 6]. He further claims that "during the period 2014 through

the present, [he] applied internally for other NEU posted professorial positions in accounting, taxation and finance that he was and is well qualified to hold," but did not receive any interviews or offers. [ECF No. 21-1 at 6]. He fails to include the relevant job qualifications for those postings, however, or evidence that he was qualified for the positions based on the job descriptions.

The mere allegation that Golub applied for jobs at Northeastern and did not receive interviews or offers is insufficient to establish that Northeastern deliberately failed to hire him because of age discrimination. See, e.g., Santiago-Hernandez, 363 F. Supp. 2d at 76 (noting that "a claimant's personal opinion regarding his own job qualifications is not sufficiently probative" when considering whether a defendant's given reason for not hiring the plaintiff is merely pretextual (quoting Cruz-Ramos v. P. R. Sun Oil Co., 202 F.3d 381, 385 (1st Cir. 2000)). Golub has not alleged facts sufficient to establish that he was qualified for those positions or that the position remained open and that Northeastern continued to seek applications. He has therefore failed to plead a prima facie case.

### C.    Retaliation

Golub next argues that Northeastern retaliated against him for filing an EEOC age discrimination charge. [ECF No. 1 at 6]. In order to make a claim of retaliation, Golub would need to demonstrate that: 1) he "reasonably and in good faith believed that the employer was engaged in wrongful discrimination;" 2) he "acted reasonably in response to that belief" by opposing the discrimination; 3) Northeastern "took adverse action against [him];" and 4) "the adverse action was a response to the employee's protected activity." Verdrager v. Mintz, Levin, Cohen, Ferris, Glovsky & Popeo, P.C., 50 N.E.3d 778, 800 (Mass. 2016).

Golub claims that he has been confined and isolated and has not received any teaching assignments or pay, despite his employment contract as a part-time lecturer for September 1, 2018, through August 31, 2019.  [ECF No. 20 at 11, 15].  He also alleges that he applied for jobs at Northeastern, but that Northeastern did not make him any offers, in retaliation for filing his age discrimination charge with the EEOC.  [ECF No. 20 at 24].

Golub has failed to demonstrate that Northeastern took adverse actions against him or that any alleged adverse action was a response to his filing the EEOC charge.  First, Golub was invited to be a part-time lecturer in the College even after informing Northeastern that he would be filing an age discrimination charge against it.  [ECF No. 21-1 at 40].  Second, Golub has failed to demonstrate that not being offered courses to teach was related to his EEOC charge. The offer of appointment specifically includes that he was "eligible to receive assignments to teach courses during the academic year," and in no way represented that he would in fact receive such course assignments.  [Id.].  Though a failure to provide lecturing assignments to a faculty member may qualify as an adverse employment decision, see, e.g., EEOC Decision No. 74-54, 1973 WL 3921 (Nov. 12, 1973) (finding reasonable cause to believe that defendant had retaliated against female medical school faculty member by denying her lecture assignments after she filed a sex discrimination claim), Golub has failed to allege any facts that would suggest that Northeastern has purposefully not given him coursework because of his EEOC complaint.

Finally, any applications that Golub filed before filing his EEOC charge are irrelevant for the purposes of a retaliation claim.  Golub has failed to include the relevant application dates, but claims that he has applied for a number of jobs since 2014.  [ECF Nos. 1 at 5–6; 21-1 at 11–12]. see Pina v. Children's Place, 740 F.3d 785, 801–02 (1st Cir. 2014) (holding that plaintiff had failed to establish a prima facie case of retaliatory failure to hire when she failed to establish that

the employer knew that the applicant had filed a discrimination charge); Pomales v. Celulares

Telefónica, Inc., 447 F.3d 79, 85 (1st Cir. 2006) ("[T]here must be proof that the decisionmaker

knew of the plaintiff's protected conduct when he or she decided to take the adverse employment

action.").  Northeastern could not have purposefully failed to hire Golub in retaliation for his

EEOC charge if he had not yet filed that charge or made Northeastern aware that he intended to.

### D.      Supplemental Jurisdiction Over Golub's State-Law Claims

Having disposed of Golub's federal claims, the Court must decide whether to exercise

supplemental jurisdiction over the remaining contractual state law claims.  Filson v. Langman,

No. 99-cv-30021, 2002 WL 31528616, at *5 (D. Mass. Nov. 13, 2002).  "[T]he termination of

the foundational federal claim does not divest the district court of power to exercise

supplemental jurisdiction but, rather, sets the stage for an exercise of the court's informed

discretion."  Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 256–57 (1st Cir. 1996).  "If

. . . the court dismisses the foundational federal claims, it must reassess its jurisdiction, this time

engaging in a pragmatic and case-specific evaluation of a variety of considerations that may bear

on the issue."  Camelio v. American Fed'n, 137 F.3d 666, 672 (1st Cir. 1998).  "[T]he balance of

competing factors ordinarily will weigh strongly in favor of declining jurisdiction over state law

claims where the foundational federal claims have been dismissed at an early stage in the

litigation."  Id.

At this time, the Court is unable to determine whether it would have diversity jurisdiction

to consider Golub's breach of contract, implied covenant of good faith and fair dealing, and

promissory estoppel claims.  Although it appears that there would be the requisite diversity of

citizenship, Golub has failed to allege any facts that would establish that the amount in

controversy exceeds $75,000, as required for the Court to exercise diversity jurisdiction under 28

U.S.C. § 1332.  [ECF No. 21-1 at 18]; 28 U.S.C. § 1332.  He summarily claims that he is entitled to approximately $160,000 in lost wages and employment benefits and argues that "[t]he monetary jurisdictional prerequisite of a minimum of $75,000 for the supplemental claims under diversity jurisdiction covering two employment annual contract periods has also been met." [ECF No. 20 at 5].  As discussed above, the part-time lecturer offer letters do not actually provide coursework or payment and therefore are insufficient to establish an amount in controversy.  The employment records presented to the Court likewise suggest that the claim would not meet the minimum amount in controversy.  See, e.g., [ECF No. 11-4].  Golub is therefore given leave to amend his complaint to demonstrate that the amount in controversy would exceed the requisite $75,000.

## V.    CONCLUSION

Accordingly, the motion to dismiss [ECF No. 10] is GRANTED.  Golub's cross-motion to amend [ECF No. 20] is DENIED.  Count 1 and Count 2 are dismissed with prejudice.  Golub is given leave to amend his complaint regarding his supplemental state law claims (Count 3) to establish that there was a contract and that the amount in controversy exceeds $75,000.

**SO ORDERED.**

November 18, 2019                                     /s/ Allison D. Burroughs
                                                     ALLISON D. BURROUGHS
                                                     U.S. DISTRICT JUDGE